```
CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants Bayside State Prison, State of New
Jersey, New Jersey Department of Corrections, Commissioner Gary
M. Lanigan, John Powell, and John Caldwell

By:  Matthew J. Lynch
     Deputy Attorney General
     (609) 633-8687
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF CAMDEN

| | |
|---|---|
| ROBERT G. JILLARD, | HON. JOSEPH H. RODRIGUEZ, U.S.D.J. |
| Plaintiff, | Civil Action No. 16-4118 (JHR-KMW) |
| v. | |
| BAYSIDE STATE PRISON, ET AL., | **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| Defendants. | |

**PRELIMINARY STATEMENT**

In support of his supervisory liability claims, Plaintiff Robert Jillard points to the paragraph in his Complaint that alleges the supervisor Defendants "are aware of" various past incidents of abuse at Bayside State Prison that allegedly took place over the course of almost twenty years. But pleading the mere conclusory allegation that they "are aware of" those

incidents is insufficient to meet the pleading requirements of Rule 8(a). Rather, Jillard would need to plead facts that show Powell and Lanigan "are aware of" past allegations of violence. Jillard has failed to do so. Thus, his supervisory liability claims under 42 U.S.C. § 1983 should be dismissed.

### ARGUMENT

#### JILLARD HAS FAILED TO PLEAD ACTUAL FACTS THAT SHOW THAT EITHER SUPERVISOR DEFENDANTS HAD ANY ACTUAL KNOWLEDGE ABOUT ANY DEFICIENCIES IN EITHER TRAINING OR POLICIES AT BAYSIDE STATE PRISON

Jillard Supervisory liability claims should be dismissed because he has filed to plead any actual facts in relation to the actual knowledge of either John Powell or Gary Lanigan. In order to support his claims of supervisory liability, Jillard asks this Court to make assumptions about the supervisors' knowledge based on past claims made by other inmates at Bayside since 1997. Jillard's reliance on the fact that other inmates at Bayside have previously filed lawsuits or have written articles is misplaced, however, and insufficient to show actual knowledge by either supervisor. Inmates tend to file a significant amount of lawsuits. In fact, Congress has found it necessary to enact an entire statutory scheme aimed at decreasing litigation filed by inmates in federal court. See 28 U.S.C. § 1997(e). The assumption that either supervisor Defendant is aware of every

lawsuit filed by inmates in institutions that they oversee is not a plausible one. Indeed, in the case of Commissioner Lanigan, who oversees an entire government department tasked with the custody of more than 20,000 inmates, such an assumption is especially implausible.

Furthermore, Jillard has not even pled whether Powell or Lanigan held their current positions when those alleged past incidents occurred. Indeed, Jillard has not even pled whether either of those Defendants was employed by the New Jersey Department of corrections when any of the complaints or articles discussed in the Complaint were filed. Thus, even if it were plausible to impute knowledge of past inmate claims onto Powell and Lanigan as a byproduct of their positions as supervisors, Jillard has not even pled facts that show they were in a position where it was possible for them to even obtain the knowledge of the types of inmate claims of abuse that he cites in his Complaint. Thus, Jillard has fallen far short of pleading the type of facts needed to show actual knowledge but, instead, asks this Court to make assumptions on his behalf to support his claims against the supervisor Defendants. As a result, Jillard's supervisory claims should be dismissed because he has failed to meet his burden under Rule 8 of the Federal Rules of Civil Procedure.

## Conclusion

For the foregoing reasons, and those set forth in Defendants' initial Motion to Dismiss, the Court should grant Defendants' motion and dismiss all claims against the State Entity Defendants, Supervisor Defendants in their individual capacity and official capacity, and all claims against SCO Caldwell in his official capacity.

                                        Respectfully submitted,

                                      CHRISTOPHER S. PORRINO
                                      ATTORNEY GENERAL OF NEW JERSEY

                      By: s/Matthew J. Lynch
                           Matthew J. Lynch
                           Deputy Attorney General

DATED: September 26, 2016