UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT G. JILLARD, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 16-4118 |
| v. | : | OPINION |
| BAYSIDE STATE PRISON, STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF CORRECTIONS, NJDOC COMMISSIONER GARY M. LANIGAN, ADMINISTRATOR JOHN POWELL, SCO JOHN CALDWELL, and JOHN DOES 1 through 10, individually and/or in their official capacities, jointly, severally and/or in the alternative, | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' motion for partial dismissal of the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has reviewed the submissions and decides the matter based on the briefs pursuant to Fed. R. Civ. P. 78(b). For the reasons stated here, the motion will be granted.

## **Jurisdiction**

This case is a civil action over which the district court has original jurisdiction based on a question "arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Plaintiff asserts a violation of his civil rights pursuant to 42 U.S.C. § 1983. With respect to

1

Plaintiff's claim under the New Jersey Civil Rights Act, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## Background

At all relevant times, Plaintiff Robert Jillard was an inmate at the Bayside State Prison. Plaintiff claims that on July 7, 2014, while he was working in the facility's kitchen, Defendant SCO John Caldwell ordered him to wheel a cart into a back room. Plaintiff alleges that he was "jumped" by several fellow inmates when he entered that room, but managed to escape without serious injury. Plaintiff claims that another inmate then told him to go to Caldwell's office. Plaintiff claims that he was then assaulted again by other inmates, this time at the direction of Caldwell. Plaintiff also alleges that Caldwell actively engaged in the assault by holding him down and telling inmates "don't hit him in the face."

Plaintiff alleges that, after the beating, Caldwell threatened him, instructing him to tell medical personnel that he slipped and fell rather than that he had been assaulted. Plaintiff was transported to a hospital and placed in intensive care for several days. Plaintiff alleges that while in the hospital, he was visited by members of Bayside Prison's Special Investigations Division who told him that they would investigate his

claims of Caldwell's involvement in his assault. Plaintiff was subsequently transferred to Southern State Correctional Facility and visited again by the officers who assured Plaintiff they would be in touch regarding filing a complaint against Caldwell. Plaintiff was released from jail on September 16, 2014, without having been informed of the outcome of the alleged investigation into his assault.

Plaintiff filed the Complaint in this matter on July 7, 2016 asserting that his Eighth Amendment rights were violated. Defendants presently seek dismissal of all claims except for those against Caldwell in his individual capacity.

## Applicable Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are

taken into consideration.[1]  See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  "Where there are well-pleaded factual allegations, a court should assume their veracity and then

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).  Accord Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted).

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred.  "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''"  Id.

4

determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth). Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## Discussion

### 42 U.S.C. § 1983

Plaintiff's Constitutional claims are governed by Title 42 U.S.C. § 1983, which provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. See Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). Any analysis of 42 U.S.C. § 1983 should begin with the language of the statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983.

As the above language makes clear, Section 1983 is a remedial statute designed to redress deprivations of rights secured by the Constitution and its subordinate federal laws. See Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979). By its own words, therefore, Section 1983 "does not . . . create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Baker, 443 U.S. at 145, n.3).

To state a cognizable claim under Section 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (citing Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)). Thus, a plaintiff must demonstrate two essential elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that plaintiff was deprived of his rights by a person acting under the color of state law. Williams v. Borough of West Chester, Pa., 891 F.2d 458, 464 (3d Cir. 1989).

The United States Supreme Court has held that "neither a State nor its officials acting under their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). See also

Didiano v. Balicki, 488 F. App'x 634, 638 (3d Cir. 2012) (finding state prison and its administrator in her official capacity, as arms of the state, did not fall within the definition of a "person" for purposes of the New Jersey Civil Rights Act; statutory definition explicitly stated that the word "person" included the State of New Jersey only in the limited circumstance of certain property disputes, which were not applicable).

As such, an employee of the state named as a defendant in a civil rights action may be held liable only if that person has personal involvement in the alleged wrongs and is sued in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 31 (1991) ("state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983"). Liability under § 1983 may not be based on the doctrine of *respondeat superior*. See Durmer v. O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993).

As a general matter, a supervisor may be held liable under Section 1983 if that supervisor was "involved personally, meaning through personal direction or actual knowledge and acquiescence, in the wrongs alleged." McKenna v. City of Philadelphia, 582 F.3d 447, 460 (3d Cir. 2009); see also A.M. ex rel J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) ("A supervisor may be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to

violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations."). To sufficiently allege knowledge and acquiescence, a Plaintiff must provide facts suggesting that the Defendant supervisor "had contemporaneous, personal knowledge of [the alleged violation(s)] and acquiesced in it." See Evancho, 423 F.3d at 353 (explaining that a civil rights complaint "is adequate where it states the conduct, time, place, and persons responsible"). For a failure to supervise claim, a "plaintiff must identify a supervisory policy or practice that the supervisor failed to employ, and then prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure." Barkes v. First Correctional Medical, Inc., 766 F.3d 307, 317 (3d Cir. 2014) (overruled on other grounds by Taylor v. Barkes, 135 S. Ct. 2042 (2015)).

**Analysis**

The Court must dismiss Defendant State of New Jersey and arms of the State New Jersey Department of Corrections and Bayside State Prison, as these Defendants are not "persons" subject to suit under § 1983. The

Court also will dismiss the official capacity claims for damages against all individual Defendants, who are State employees, because these claims are essentially damages claims against the State. Accordingly, the Court is left with the claims against the individual Defendants in their personal capacities. Again, the State does not seek dismissal of the individual capacity claim against Defendant Caldwell.

As to the supervisory Defendants, State Department of Corrections Commissioner Lanigan and Bayside Administrator Powell, Plaintiff has alleged:

> At all relevant times, it was the policy, practice and/or custom of Defendants Bayside State Prison, State of New Jersey, New Jersey Department of Corrections, Commissioner Lanigan and Administrator Powell to inadequately supervise and train their corrections officers regarding the lawful use of force and the proper care, safety and protection of inmates. These defendants were aware of, and yet recklessly and deliberately indifferent to the need for additional training, supervision, testing, rules, regulations, policies, procedure, guidelines, directives, investigation and/or discipline relating to: proper treatment and/or handling of inmates; preventing abusive, threatening, harassing, retaliatory, vindictive and/or violent behavior against inmates; and investigating complaints of inmate abuse.
>
> These defendants also maintained a custom, policy and/or practice of failing to discipline corrections officers and/or encouraging the aforesaid unlawful behavior.

Complaint, ¶¶, 43, 44. Plaintiff further alleged that these defendants were aware of:

>Bayside's long and sordid history of inmate abuse, yet failed to take corrective action.  Following the fatal attack of a corrections officer in 1997, hundreds of inmates confined at Bayside filed civil complaints alleging abuse by corrections officers. In a February 25, 2014 article written by Bayside inmate, Latif Lamonte, Lamonte describes a history of "beatings, stompings and set-ups" that inmates at Bayside State Prison were forced to endure during his period of confinement. One of these inmates, Dione Brown, complained that he was assaulted four times on June 28, 2007 by correctional staff after attempting to file an inmate grievance. Another inmate, Lewis Williford, died following a May 2, 2005 beating by corrections officers. More recently, Inmate Terry Forman filed a civil complaint alleging that he suffered physical abuse on February 5, 2013 at the hands of corrections officers at Bayside. Michael Leski, similarly claimed that he was attacked and assaulted by two corrections officers at Bayside on June 1, 2014. While recovering from injuries associated with his beating, Plaintiff Jillard was also advised that SCO Caldwell had a history of assaulting inmates, and that there must have been some eight inmate complaints filed against Caldwell.

Complaint, ¶ 45.

The Court finds that the Complaint pleads merely conclusory allegations as to the supervisory Defendants with insufficient facts to show that Powell and Lanigan plausibly had contemporaneous, personal knowledge of the alleged past violations and acquiesced in Caldwell's behavior. Even considering the allegation that Caldwell had a history of assaulting inmates, and that there had been eight inmate complaints filed against him, the Court would not be permitted to infer more than the mere possibility of misconduct by Powell and/or Lanigan.

Accordingly, the Defendants' motion to dismiss must be granted. The unsupported conclusory statements regarding the supervisory Defendants are insufficient to withstand a motion to dismiss. The dismissal will be without prejudice to his right to file an amended complaint, if Plaintiff can do so consistent with the direction in this Opinion. See <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 251 (3d Cir. 2007) (explaining that Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

## Conclusion

For these reasons, Defendants' motion for partial dismissal of the Complaint is granted. An Order will accompany this Opinion.

Dated: March 6, 2017                      /s/ Joseph H. Rodriguez
                                          JOSEPH H. RODRIGUEZ
                                                  USDJ